**EXHIBIT #1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------x

RASHAD ALI, MINERVA ALI, MINERVA ALI, as
Guardian over DANYAL ALI, MINERVA ALI, as
GUARDIAN over DANYAH ALI, infant, and
MINERVA ALI, as Guardian over TANYAH ALI,
infant,

                                    Plaintiffs,

            -against-

LECOURIUX G. YANNICK,

                                    Defendants.

-------------------------------------------------------------x

**SUMMONS** 23156-06

*Index No.:*

*Plaintiff designates BRONX
County as the place of trial*

The Basis of Venue is
 Plaintiffs Residence

*Residence of plaintiffs*
1255 Ward Avenue
Bronx, New York 10472

To the above named Defendant:

        You are hereby summoned to answer the complaint in this action and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:          NEW YORK, NEW YORK
                November 13, 2006

                                    SACKS AND SACKS, LLP

                                    By:_____
                                    DAVID H. MAYER, ESQ.
                                    *Attorney(s) for Plaintiffs*
                                    *Office and Post Office Address*
                                    150 Broadway - 4th Floor
                                    New York, New York 10038
                                    (212) 964-5570

Defendant's Address:

**LECOURIUX G. YANNICK**
60 Glen Boulevard
Glenrock, New Jersey 07452

2006 NOV 15  AM 11:16
BRONX COUNTY CLERK
RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x
RASHAD ALI, MINERVA ALI, MINERVA ALI, as
Guardian over DANYAL ALI, MINERVA ALI, as
GUARDIAN over DANYAH ALI, infant, and
MINERVA ALI, as Guardian over TANYAH ALI,
infant,

                 *Plaintiffs,*

        -*against*-

LECOURIUX G. YANNICK,

                *Defendant.*
------------------------------------------------------------------x

**VERIFIED COMPLAINT**

**INDEX NUMBER:**

    Plaintiffs, complaining of the defendants, by their attorneys, **SACKS & SACKS, LLP**, respectfully allege as follows:

    <u>FIRST</u>:    That at all times herein mentioned, defendant, **LECOURIUX G. YANNICK** was the owner of a motor vehicle with New Jersey License Plate Number NSD41H.

    <u>SECOND</u>:    That at all times herein mentioned, defendant, **LECOURIUX G. YANNICK** was the lessee of a vehicle bearing License Plate Number NSD41H of New York State.

    <u>THIRD</u>:    That at all times herein mentioned, defendant, **LECOURIX G. YANNICK** operated a 1997 Jeep vehicle on 132nd Street and Harlem River Drive on October 28, 2006 at or about 1:45 p.m.

    <u>FOURTH</u>:    That at all times herein mentioned, defendant, **LECOURIUX G. YANNICK** operated the certain motor vehicle with full authority and permission of the same.

    <u>FIFTH</u>:    That at all times herein mentioned, defendant, **LECOURIUX G. YANNICK** managed the aforementioned vehicle.

    <u>SIXTH</u>:That at all times herein mentioned, defendant, **LECOURIUX G. YANNICK** maintained the aforementioned vehicle.

    <u>SEVENTH</u>:    That at all times herein mentioned, Harlem River Drive crossing at E. 132nd Street in the County of New York, State of New York were public roadways, streets and thoroughfares.

**EIGHTH**:    That on October 28, 2006 at the aforementioned location, the motor vehicle operated by at all times herein mentioned, defendant, **LECOURIUX G. YANNICK** came into contact when the motor vehicle operated by RASHAD ALI.

**NINTH**:    That the aforesaid occurrence is caused solely and wholly by reasons of the negligence, carelessness, and recklessness of the defendant and who was negligent in the ownership and operation of the aforesaid motor vehicle. While operating the aforesaid motor vehicle, the defendant's motor vehicle was forced to collide and come into contact with plaintiff's vehicle.  Defendant was negligent in defendant's failure to observe traffic conditions and failure to brake at proper time; further, the defendant failed to keep his motor vehicle under proper control; further, defendant operated the motor vehicle in a high excessively dangerous and unlawful rate of speed and at a rate of speed without any caution; further, defendant failed to observe the rules of the road; further, defendant failed to observe the conditions of the road, further defendant failed to observe signal signs, street lights, yellow signs; further defendant failed to observe the proximity of plaintiff's vehicle; further violated Sections 1101, 1102, 1005, 1110, 1111, 1113, 1115, 1120, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1160, 1161, 1162, 1163, 1164, 1166, 1170, 1171, 1172, 1173, 1174, 1175, 1176, 1180, 1181, 1182, 1190, 1192, 1200, 1201, 1201, 1202, 1203, 1203(d), 1210, 1211, 1223, 1225, 1225(a), 1226, 1227, 1229, 1229(b), 1229(c), 1230, 1251, 1252 and 1253 of the Vehicle & Traffic Laws of the State of New York and was otherwise negligent, careless and reckless all of which deemed a direct and proximate cause of said accident and the damages and injuries of the plaintiff herein.  This action falls within one or more of the exceptions as set forth in CPLR Sections 1602 more particularly CPLR Sections 1602(2)(iv), 1602(6) and 1602(7).

**TENTH**:    This action falls within one or more of the exceptions as set forth in CPLR Sections 1602(2)(iv), 1602(6), 1602(7).

**ELEVENTH**:  Plaintiff was free from contributory negligence;

**TWELVETH**:  As a result of the aforesaid occurrence plaintiff was rendered sick, sore, lame and disabled, was confined to bed and home for a long period of time; was caused to expend large sums of money for medical aid and attention and has been prevented from attending his usual occupation and/or avocation for a long period of time.

**THIRTEENTH**:    The monetary damages sustained by plaintiff exceed the jurisdictional limitations of all lower courts which would otherwise have had jurisdiction.

**WHEREFORE**, the plaintiffs demands judgment against the defendant for conscious pain and suffering, loss of enjoyment of life, medical expenses, past and future, lost wages and union benefits, past and future, and all other recoverable items under New York State law.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF MINERVA ALI, as Guardian over RASHAD ALI, an infant

**FOURTEENTH**       Plaintiff repeats and reiterates, items "1" through "13", as if more fully set forth at length herein.

**FIFTEENTH**        That plaintiff RASHAD ALI sustained serious injuries as defined in subdivision (d) of § 5102 of the Insurance Law – Recodification.

**SIXTEENTH**        That plaintiff RASHAD ALI sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of § 5104 of the Insurance Law.

**SEVENTIENTH**      That by reason of the foregoing, plaintiff RASHAD ALI has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF MINERVA ALI

**EIGHTEENTH**       Plaintiff repeats and reiterates items "1" through "17" as if more fully set forth at length herein.

**NINETEENTH**       That at all times herein mentioned, plaintiff MINERVA ALI was the wife of plaintiff RASHAD ALI and resides with him.

**TWENTIETH**        By reason of the occurrence as aforesaid, and the injuries sustained by the plaintiff RASHAD ALI, the plaintiff MINERVA ALI, lost the support, services, love, companionship, affection, society, sexual relations, solace of her husband the plaintiff RASHAD ALI, and her happiness and her society has been impaired.

**TWENTY-FIRST**        That the amount of damages sought by plaintiff MINERVA ALI exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF MINERVA ALI,**
**as Guardian over  DANYAL ALI, an infant**

**TWENTY-SECOND**        Plaintiff repeats and reiterates items "1" through "21" as if more fully set forth at length herein.

**TWENTY-THIRD**        That by reason of the foregoing, plaintiff DANYAL ALI, sustained severe and permanent personal injuries, and plaintiff DANYAL ALI was otherwise damaged.

**TWENTY-FOURTH**        That plaintiff DANYAL ALI, sustained serious injuries as defined in subdivision (d) of § 5102 of the Insurance Law Recodification.

**TWENTY-FIFTH**        That plaintiff DANYAL ALI sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of § 5104 of the Insurance Law.

**TWENTY-SIXTH**        That by reason of the foregoing, plaintiff DANYAL ALI has been damaged in an amount that exceeds the jurisdictional limits of the lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF MINERVA ALI,**
**as Guardian over DANYAH ALI, an infant**

**TWENTY-SEVENTH**        Plaintiff repeats and reiterates items "1" through "26" as if more fully set forth at length herein.

**TWENTY-EIGHTH**        That at all times herein mentioned, plaintiff DANYAH ALI was the wife of plaintiff DANYAL ALI and resides with him.

**TWENTY-NINTH**        By reason of the occurrence as aforesaid, and the injuries sustained by the plaintiff DANYAL ALI, the plaintiff DANYAH ALI, lost the support, services,

love, companionship, affection, society, sexual relations, solace of her husband the plaintiff DANYAL ALI, and her happiness and her society has been impaired.

THIRTIETH    That the amount of damages sought by plaintiff DANYAH ALI exceeds the jurisdictional limits of all lower courts which would not have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF MINERVA ALI, as Guardian over TANYAH ALI, an infant

THIRTY-FIRST    Plaintiff repeats and reiterates items "1" through "30" as if more fully set forth at length herein.

THIRTY-SECOND    That by reason of the foregoing, plaintiff TANYAH ALI, sustained severe and permanent personal injuries, and plaintiff TANYAH ALI was otherwise damaged.

THIRTY-THIRD    That plaintiff TANYAH ALI, sustained serious injuries as defined in subdivision (d) of § 5102 of the Insurance Law Recodification.

THIRTY-FOURTH    That plaintiff TANYAH ALI sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of § 5104 of the Insurance Law.

THIRTY-FIFTH    That by reason of the foregoing, plaintiff TANYAH ALI has been damaged in an amount that exceeds the jurisdictional limits of the lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs, demand relief against the defendant herein.

SACKS AND SACKS, LLP
Attorneys for Plaintiff(s)
Office & P.O. Address:
150 Broadway - 4th Floor
New York, New York 10038
(212)964-5570

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, **DAVID H. MAYER**, am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a County other than where deponent maintains his office.

Dated:     New York, New York
           November 13, 2006

DAVID H. MAYER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------x
RASHAD ALI, MINERVA ALI, MINERVA ALI, as          Index #23156/06
Guardian over DANYAL ALI, MINERVA ALI, as
Guardian over DANYAH ALI, infant, and MINERVA     VERIFIED ANSWER
ALI, as Guardian over TANYAH ALI, infant,

                         Plaintiffs,

             -against-

LECOURIUX G. YANNICK,

                         Defendant.
---------------------------------------------x

        The defendant, LECOURIUX G. YANNICK, by his attorneys,

KELLY, RODE & KELLY, LLP, answering the Complaint of the plaintiff

herein:

                ANSWERING EACH AND EVERY CAUSE
                OF ACTION OF THE COMPLAINT

        FIRST:          Denies any knowledge or information sufficient

to form a belief as to the truth of the allegations contained in

paragraph numbered "FIRST", "THIRD", "FIFTH", "SIXTH", "EIGHTH",

"ELEVENTH", "TWELFTH", "THIRTEENTH", "SEVENTEENTH", "NINETEENTH",

"TWENTIETH", "TWENTY-EIGHTH", and "TWENTY-NINTH", of the

Complaint.

        SECOND:         Denies any knowledge or information sufficient

to form a belief as to the truth of the allegations contained in

paragraph numbered "TENTH" of the Complaint and refers all

questions of law to the Court.

        THIRD:          Denies, upon information and belief, each and

every allegation contained in paragraphs numbered "SECOND",

"NINTH", "TWENTY-THIRD", "TWENTY-SIXTH", "THIRTIETH", "THIRTY-SECOND", and "THIRTY-FIFTH" of the Complaint.

FOURTH:        Denies, upon information and belief, each and every allegation contained in paragraphs numbered "FIFTEENTH", "SIXTEENTH", "TWENTY-FIRST", "TWENTY-FOURTH", "TWENTY-FIFTH", "THIRTY-THIRD", and "THIRTY-FOURTH" and refers all questions of law to the Court.

FIFTH:        Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "FOURTEENTH", "EIGHTEENTH", "TWENTY-SECOND", "TWENTY-SEVENTH", and "THIRTY-FIRST" of the Complaint with the same force and effect as if here repeated and again set forth at length.

FOR A FIRST, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:

SIXTH:        The plaintiff herein does not have injuries sufficient pursuant to the New York Insurance Law to commence an action in the Supreme Court.

FOR A SECOND, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:

SEVENTH:        The action, in whole or in part, is barred by assumption of risk.

FOR A THIRD, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:

EIGHTH:        That any injuries or damages sustained by the

plaintiff were occasioned through the negligence and culpable conduct on the part of the plaintiff.

FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:

NINTH:          Plaintiff's damages should be reduced as a result of the failure to utilize available safety devices and restraints.

FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT RESPECTFULLY SHOWS THIS COURT,
UPON INFORMATION AND BELIEF:

TENTH:          That this Court lacks jurisdiction over this case.

AS AND FOR A COUNTERCLAIM AGAINST RASHAD ALI,
THE DEFENDANT LECOURIUX G. YANNICK, HEREBY ALLEGES:

ELEVENTH:          That if the plaintiffs were caused to sustain damages at the time and place set forth in the plaintiff's Complaint through any culpable conduct and/or negligence other than plaintiff's own, and if said damages arose in whole or in part from the negligence of and/or culpable conduct of the defendant, LECOURIUX G. YANNICK, and if any judgment is recovered herein by the plaintiff against the answering defendant, he will be damaged thereby and the answering defendant will be entitled to proportionate contribution and/or indemnity on the basis of the responsibility of the plaintiff above named.

WHEREFORE, the answering defendant, LECOURIUX G. YANNICK, demands judgment dismissing the Complaint herein as to the answering defendant with costs and further demands that the ultimate rights of the answering defendant and the plaintiff as between themselves be determined in this action, and that the answering defendant have judgment over and against the plaintiff for all or a part of any verdict or judgment which may be obtained herein by the plaintiff against the answering defendant, together with costs and disbursements of this action.

Dated: Mineola, New York
       February 16, 2007

                              KELLY, RODE & KELLY, LLP


                         BY:_____
                              SOL Z. SOKEL
                              Attorneys for Defendant
                              Office & P.O. Address
                              330 Old Country Road
                              Suite 305
                              Mineola, New York 11501
                              (516) 739-0400
                              Our File No.: SZS 56050-301


TO:  SACKS AND SACKS, LLP
     Attorneys for Plaintiffs
     Office & P.O. Address
     150 Broadway - 4th Floor
     New York, New York 10038
     (212) 964-5570

18.  Provide an itemized statement of all sums of money expended by
the plaintiff to repair the damage to the plaintiff's motor
vehicle sustained in the accident complained of.

Dated: Mineola, New York
       February 16, 2007

                              KELLY, RODE & KELLY, LLP


                        BY: _____
                            SOL Z. SOKEL
                            Attorneys for Defendant
                            Office & P.O. Address
                            330 Old Country Road
                            Suite 305
                            Mineola, New York 11501
                            (516) 739-0400
                            Our File No.: SZS 56050-301

TO:  SACKS AND SACKS, LLP
     Attorneys for Plaintiffs
     Office & P.O. Address
     150 Broadway - 4th Floor
     New York, New York 10038
     (212) 964-5570

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------x
RASHAD ALI, MINERVA ALI, MINERVA ALI, as          Index #23156/06
Guardian over DANYAL ALI, MINERVA ALI, as
Guardian over DANYAH ALI, infant, and MINERVA     DEMAND FOR A
ALI, as Guardian over TANYAH ALI, infant,         VERIFIED BILL
                                                  OF PARTICULARS
                          Plaintiffs,

          -against-

LECOURIUX G. YANNICK,

                          Defendant.
------------------------------------------------x

S I R S :

          PLEASE TAKE NOTICE, the defendant(s), LECOURIUX G.

YANNICK, demands that you serve upon the undersigned a detailed

verified statement relative to the plaintiff's claim as alleged in

the Complaint, within thirty (30) days after service of this

demand.

          PLEASE TAKE FURTHER NOTICE, that upon failure of the

plaintiff to supply the particulars herein demanded within thirty

(30) days after service of this demand, the defendant will move for

an Order seeking relief pursuant to CPLR 3042 and 3126.  The

particulars sought are:

1.   The date, approximate time of the day, and the exact location
     of the occurrence.

2.   A general statement of the acts or omissions constituting the
     negligence claimed and a statement of each and every statute
     or ordinance which it is claimed the defendant violated.

3.   (a) Statement of the injuries claimed, and (b) description of
     those claimed to be permanent.

4.  Length of time plaintiff(s) will claim confinement to (a) hospital; (b) bed and (c) house.

5.  Length of time plaintiff(s) will claim incapacitated from employment and (a) nature and character of employment; (b) scale of earnings; (c) total loss of earnings claimed; (d) name and address of last employer.

6.  The date plaintiff returned to any employment.

7.  Post Office and residence address of plaintiff(s) (Rule 3118 CPLR).

8.  Total amount claimed as special damages for (a) hospital expenses, if any; (b) nurses' services, if any; (c) physicians' services; and (d) medical supplies.

9.  Set forth the social security number of the plaintiff(s).

10.  Set forth the date of birth of the plaintiff.

11.  State the basis for plaintiff's claim of "serious injuries" as defined by the Insurance Law of the State of New York.

12.  State the name of the public highway and the approximate location thereon, including the approximate distance from the nearest intersecting street and the name thereof, plaintiff will claim this alleged accident took place.

13.  State the direction in which it will be claimed the plaintiff's vehicle was proceeding.

14.  State the direction it will be claimed that the motor vehicle in which the plaintiff was riding was proceeding.

15.  State the direction the plaintiff will claim defendant's motor vehicle was proceeding.

16.  State the make, model and year of the motor vehicle which plaintiff claims was damaged.

17.  State the value of the plaintiff's motor vehicle prior to the accident.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------ -------------------------------------x

RASHAD ALI, MINERVA ALI, MINERVA ALI, as       Index No.: 23156/06
Guardian over DANYAL ALI, MINERVA ALI, as
Guardian over DANYAH ALI, infant, and MINERVA     **VERIFIED BILL**
ALI, as Guardian over TANYAH ALI, infant,     **OF PARTICULARS**

*Plaintiffs,*

      -against-

LECOURIUX G. YANNICK,

*Defendant.*

-------------------------------------------------------------------x

A T T O R N E Y S:

      PLEASE TAKE NOTICE that the plaintiffs, by their attorneys, SACKS AND SACKS,

LLP, hereby responds to the demand for a Verified Bill of Particulars by the defendant, based

upon information and belief as follows:

      1.    Plaintiff's accident occurred on October 28, 2006 at approximately 1:46 p.m.

Plaintiff's accident occurred on South bound lanes on E. 132nd Street in Harlem River Drive.

      2.    That the aforesaid occurrence is caused solely and wholly by reasons of the

negligence, carelessness, and recklessness of the defendant and who was negligent in the

ownership and operation of the aforesaid motor vehicle. While operating the aforesaid motor

vehicle, the defendant's motor vehicle was forced to collide and come into contact with

plaintiff's vehicle. Defendant was negligent in defendant's failure to observe traffic conditions

and failure to brake at proper time; further, the defendant failed to keep his motor vehicle under

proper control; further, defendant operated the motor vehicle in a high excessively dangerous and

unlawful rate of speed and at a rate of speed without any caution; further, defendant failed to

observe the rules of the road; further, defendant failed to observe the conditions of the road,

further defendant failed to observe signal signs, street lights, yellow signs; further defendant

failed to observe the proximity of plaintiff's vehicle; further violated Sections 1101, 1102, 1005,

1110, 1111, 1113, 1115, 1120, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1140,

1141, 1142, 1143, 1144, 1145, 1146, 1160, 1161, 1162, 1163, 1164, 1166, 1170, 1171, 1172,

1173, 1174, 1175, 1176, 118c, 1181, 1182, 1190, 1192, 1200, 1201, 1. , 1202, 1203, 1203(d), 1210, 1211, 1223, 1225, 1225(a), 1226, 1227, 1229, 1229(b), 1229(c), 1230, 1251, 1252 and 1253 of the Vehicle & Traffic Laws of the State of New York and was otherwise negligent, careless and reckless all of which deemed a direct and proximate cause of said accident and the damages and injuries of the plaintiff herein. This action falls within one or more of the exceptions as set forth in CPLR Sections 1602 more particularly CPLR Sections 1602(2)(iv), 1602(6) and 1602(7).

3.    Plaintiff, RASHAD ALI sustained the following injuries, all of which are permanent in nature and kind:

NECK:

- Herniated discs;

- Internal derangement;

- Restriction of motion;

- Severe pain;

- Stiffness;

*Plaintiff's counsel is currently awaiting the MRI results. Plaintiff's counsel supplement's this response accordingly upon receipt of these results.

*Activation of pre-existing degenerative changes that was entirely asymptomatic before the date of the accident.

BACK:

- Herniated discs;

- Internal derangement;

- Restriction of motion;

- Severe pain;

- Stiffness;

*Activation of pre-existing degenerative changes that was entirely asymptomatic before

the date of the accident..

### LEFT SHOULDER:

- Internal derangement;

- Restriction of motion;

- Severe stiffness;

- Severe pain;

*Possible surgical intervention may be required in the future.

*Activation of pre-existing degenerative changes that was entirely asymptomatic before the date of the accident.

### RIGHT SHOULDER:

- Internal derangement;

- Restriction of motion;

- Severe stiffness;

- Severe pain;

*Possible surgical intervention may be required in the future.

*Activation of pre-existing degenerative changes that was entirely asymptomatic before the date of the accident.

All of plaintiff's injuries have already required extensive orthopedic care, neurological care, physical therapy and will in the future, require further medical care and treatment including physical therapy, orthopedic care and the need for future surgical intervention.

All of the above injuries were attendant with extreme pain and suffering and have affected plaintiff's bodily systems and the skin, nerves, bones, tissues, tendons, muscles, blood vessels and other tissues. All of the above injuries and ill effects there from are permanent in nature except those of a superficial nature. Plaintiff reserves the right to supplement his bill of particulars at a later date when more medical information on plaintiff becomes available.

4.    Plaintiff, MINERVA ALI sustained the following injuries, all of which are permanent in nature and kind:

NECK:

- Herniated discs;

- Internal derangement;

- Restriction of motion;

- Severe pain;

- Stiffness;

*Plaintiff's counsel is currently awaiting the MRI results.  Plaintiff's counsel supplement's this response accordingly upon receipt of these results.

*Activation of pre-existing degenerative changes that was entirely asymptomatic before the date of the accident.

BACK:

- Herniated discs;

- Internal derangement;

- Restriction of motion;

- Severe pain;

- Stiffness;

*Activation of pre-existing degenerative changes that was entirely asymptomatic before the date of the accident.

LEFT SHOULDER:

-     Internal derangement;

-     Restriction of motion;

-     Severe stiffness;

-     Severe pain;

*Possible surgical intervention may be required in the future.

*Activation of pre-existing degenerative changes that was entirely asymptomatic before the date of the accident.

RIGHT SHOULDER:

-     Internal derangement;

-     Restriction of motion;

-     Severe stiffness;

-     Severe pain;

*Possible surgical intervention may be required in the future.

*Activation of pre-existing degenerative changes that was entirely asymptomatic before the date of the accident.

All of plaintiff's injuries have already required extensive orthopedic care, neurological care, physical therapy and will in the future, require further medical care and treatment including physical therapy, orthopedic care and the need for future surgical intervention.

All of the above injuries were attendant with extreme pain and suffering and have affected plaintiff's bodily systems and the skin, nerves, bones, tissues, tendons, muscles, blood vessels and other tissues. All of the above injuries and ill effects there from are permanent in nature except those of a superficial nature. Plaintiff reserves the right to supplement his bill of particulars at a later date when more medical information on plaintiff becomes available.

5.      At the time of the accident, plaintiff was employed as Journeyman Union Doorman by Hudson View Realty. Plaintiff was caused to miss approximately three months from work as a result of the injuries sustained in the accident. Plaintiff's counsel is not in receipt of the exact amount of money plaintiff was earning at the time of the accident, nor the amount of lost wages. Plaintiff's counsel will supplement this response upon receipt of the same.

6.      Plaintiff has returned to his normal position on February 7, 2007.

7.      Plaintiffs currently reside at 1255 Ward Avenue, Bronx, New York 10472.

8.      Based upon information and belief, all medical expenses to date have been paid by plaintiff's insurance no-fault carrier, Progressive Casualty, P.O. Box 22031, Albany, New York 12201, carrier file number 060179695-DXM0003.

9.      Plaintiff, RASHAD ALI's social security number is 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. Plaintiff, MINERVA ALI's social security number is 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.

10.     Plaintiff, RASHAD ALI's date of birth is September 3, 1978. Plaintiff, MINERVA ALI's date of birth is April 2, 1983. Plaintiff, DANYAL ALI's date of birth is February 20, 2003. Plaintiffs, DANYAH ALI and TANYAH ALI's date of birth is January 17, 2004.

11.     Please see answers to number 4 and 5 above supra.

12-15. Objection, not within the scope of a bill of particulars. See CPLR 3043. Please see answer to number 1 above supra.

15.     At the time of the accident, plaintiff was operating a 2002 Honda 4 door sedan.

16.     Plaintiffs counsel is not in possession of the value of plaintiff's motor vehicle part of the accident.

17.     Upon receipt of said information, plaintiff will supplement this response accordingly.

18.    Plaintiff's counsel is not in receipt of an itemized statement of all sums of money expended by plaintiff to repair the damage of plaintiff's motor vehicle.   Upon receipt of this information, plaintiff reserves the right to supplement this response accordingly.

Dated:  New York, New York
         March 21, 2007

                                              Yours, etc.,

                                              **SACKS AND SACKS, LLP**

                                              **DAVID H. MAYER, ESQ.**
                                              Attorneys for Plaintiffs
                                              150 Broadway – 4th Floor
                                              New York, N.Y. 10038
                                              (212) 964-5570

TO:

SOL Z. SOKEL, ESQ.
KELLY, RODE & KELLY, LLP
Attorneys for Defendant
300 Old Country Road, Suite 305
Mineola, New York 11501
(516) 739-0400

## ATTORNEY'S VERIFICATION

I, DAVID H. MAYER, am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **VERIFIED BILL OF PARTICULARS** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: facts, investigations and pertinent data contained in deponent's file.

The reason I make this affirmation instead of plaintiff is because plaintiff(s) reside in a County other than where deponent maintains his office.

Dated: NEW YORK, NEW YORK
         March 21, 2007

DAVID H. MAYER, ESQ.

GUARDIAN over DANYAH ALI, infant, and
MINERVA ALI, as Guardian over TANYAH ALI,
infant,

                              *Plaintiffs,*

            -against-

LECOURIUX G. YANNICK,

                              *Defendant.*

--------------------------------------------------------------------x


**VERIFIED BILL OF PARTICULARS**


*Sacks and Sacks LLP*
150 BROADWAY
NEW YORK, NEW YORK 10038
(212) 964-5570
SCANNED

MAR 16 2007