UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RASHAD ALI, MINERVA ALI, MINERVA ALI, as
Guardian over DANYAL ALI, MINERVA ALI, as
Guardian over DANYAH ALI, infant, and MINERVA
ALI, as Guardian over TANYAH ALI, infant,

                         Plaintiffs,
    -against-

LECOURIUX G. YANNICK,

                         Defendant.
-----------------------------------------------------------------x

**AFFIRMATION**

Civil Action No.: 07CV6010
Judge Daniels/Magistrate

      DAVID H. MAYER, ESQ., an attorney duly licensed to practice law before the United States District Courts for the Southern Districts of New York, affirms to the truth of the following upon information and belief, and acknowledges the penalties of perjury:

    1.    I am associated with Sacks & Sacks, LLP, the attorneys for plaintiffs in this action. I am fully familiar with the facts and circumstances of this action by virtue of the review of the file maintained in this matter in the offices of Sacks & Sacks, LLP and handling of all pre-trial discovery.

    2.    I make this affirmation in support of plaintiff's motion for summary judgment against the defendant under all aspects of liability and specifically New York Vehicle and Traffic Law §§ 388, 1129, and common law negligence. For the reasons set forth herein, it is respectfully submitted that plaintiff's current motion be granted in its entirety.

    3.    This action stems from a motor vehicle accident that occurred on the 28th day of October, 2006 at approximately 12:30 p.m. on an exit ramp of the FDR at 132nd Street in the County, City and State of New York. At all times plaintiff, a Journeyman Union Lobby Attendant by trade was traveling to his home with his wife and three children when he was caused to be struck from behind by defendant, LECOURIUX G. YANNICK (hereinafter "Yannick") in a Jeep Cherokee. It is undisputed that plaintiff's vehicle was at a stop and defendant lost control of his vehicle striking the same. Plaintiffs, Rashad Ali and Minerva Ali sustained serious injuries to their

spines that has required much medical treatment including fluoroscopic injections and possible surgical interventions in the future.

4.  An action was commenced by service of a Summons and Verified Complaint upon the above named defendant on or about November 9, 2006 and issue was joined by said defendant on or about February 16, 2007. <u>A copy of the relevant pleadings including the Bill of Particulars are annexed hereto as **Exhibit #1**.</u> The action was initially brought by plaintiff in the State Court of New York, Bronx County, as the plaintiff's are residents of the same. However, after issue was joined and conferences held in the Bronx County Supreme Court, this action was transferred to the United States District Court based on the diversity of citizen ship between a party and the amount of controversy an issue being in excess of $75,000.00 pursuant to 28 U.S.C. 1332(a)(1), 28 U.S.C. 1391(a). <u>Annexed hereto as **Exhibit #2** is a copy of the Notice of Removal.</u> This court also has supplemental jurisdiction over claims of liability pursuant to New York Common Law Negligence and New York Vehicle and Traffic Laws pursuant to 28 U.S.C. 1367(a).

5.  Pursuant to the deposition of plaintiff, RASHAD ALI, the following has been established. *See* <u>EBT transcript of plaintiff, Rashad Ali, held on February 8, 2008, annexed hereto as **Exhibit #3**.</u> Plaintiff was the operator of a four door Honda Civic on October 28, 2006 with his wife and three children as passengers. <u>Id.</u> at 9-11. He was coming from doing family grocery shopping in New Jersey and was on his way to his home in the Bronx on the F.D.R. roadway. <u>Id.</u> at 13. The accident occurred on October 28, 2006 at approximately 12:30 p.m. on the exit to the F.D.R. at 132nd Street. <u>Id.</u> at 9. Plaintiff had turned off the highway, there was a yield sign and he was waiting for another vehicle in front of him to move when he was struck by the defendant's vehicle from behind. <u>Id.</u> at 16, 20. Plaintiff's vehicle was at a complete stop and his foot was on the brake at the time of the accident. <u>Id.</u> at 21-22, 32. Plaintiff testified that he was wearing a seatbelt. <u>Id.</u> at 27. He sustained serious injuries to his neck and back and went to the emergency room that day. <u>Id.</u> at 52.

6. Pursuant to the deposition of plaintiff, MINERVA ALI, the following has been established. *See* <u>EBT transcript of plaintiff, Minerva Ali, held on February 8, 2008, annexed hereto as **Exhibit #4**.</u> Minerval Ali is Rashad Ali's legal wife and she was the front seat passenger wearing her seatbelt at the time of the accident. <u>Id.</u> at 7-8. Her husband was exiting the FDR at the time of the accident and was first aware of the same when they were struck from behind. <u>Id.</u> at 12.

7. Plaintiff's account of the accident was entirely confirmed in the deposition of the defendant, Yannick taken on April 16, 2008. <u>Annexed hereto as **Exhibit #5** is a copy of the deposition transcript of LECOURIUX G. YANNICK'S taken on April 16, 2008.</u> Defendant, Yannick was the owner of a 1997 Jeep Cherokee on the date of the accident. <u>Id.</u> at 5. He was coming in to New York City from New Jersey to pick up Broadway tickets and as he was heading south on the F.D.R. <u>Id.</u> at 9-10. He was operating the 1997 Jeep Cherokee at this time. <u>Id.</u> There was traffic on the F.D.R., so he exited. <u>Id.</u> When he came off the highway there was a yield sign and two vehicles were stopped at the yield sign, the one in front of him was a gray sedan. <u>Id.</u> at 11-12. At the exit he saw the gray car, plaintiff's car, hit his brakes, but was unable to stop in time and slid into the back of car, thus striking the plaintiffs. <u>Id.</u> at 15. The accident area in which the accident occurred was level. <u>Id.</u> at 26.

8. The accounts of the accident were also confirmed by the New York State Department of Motor Vehicle's Public Record Police Report filled out by the officer on the scene. <u>Annexed hereto as **Exhibit #6** is a copy of the police report.</u>

9. Summary Judgment against the defendant is the proper remedy herein based on the aforesaid factual predicate and controlling case law. All of the depositions as well as the accident report clearly confirm that plaintiffs' vehicle was stationary at the time it was struck by the defendant. It is Black Letter Law in the State of New York that a collision with a stationary vehicle amounts to prima facie evidence of negligence on the part of the operator of the moving vehicle. *See e.g.* <u>Somers v. Condlin</u>, 39 A.D.3d 289, 833 N.Y.S.2d 83 (1st Dept. 2007); <u>Ferguson v. Honda Lease Trust</u>, 34 A.D.3d 356, 826 N.Y.S.2d 10 (1st Dept. 2006); <u>McNulty v. DePetro, et al</u>, 298

A.D.2d 566, 750 N.Y.S.2d 89 (2nd Dept. 2002). As such, defendant, Yannick is liable to plaintiff as a matter of law.

WHEREFORE, it is respectfully submitted that plaintiff's motion be granted in its entirety and this case be set down for an immediate assessment of damages.

Dated: NEW YORK, NEW YORK
July 30, 2008

_____
DAVID H. MAYER, ESQ.