# Kelly, Rode & Kelly, LLP

Counsellors at Law

330 Old Country Road
Suite 305
Mineola, New York 11501

Tel. 516-739-0400    Fax 516-739-0434

E-mail info@krklaw.com

Suffolk County Office
218 Griffing Avenue
Riverhead, New York 11901
631-727-0110

ESTABLISHED IN 1956

John D. Kelly (1921-2000)
John Kenneth Rode (Retired 2003)
Shawn P. Kelly
George J. Wilson
John W. Hoefling
Louis Zoppieri

Eric B. Belron
Daniel E. Cornelas
Barbara A. Lutton
Dorna Googhan
John J. Morris

Camille Nicodemus
Michele A. Perlin
Colin Rath
Beverly J. Smith
Sol R. Sopher
John J. Sanderick, Jr.
Susan A. Ulrich
Stephanie Visconti
Kevin E. Way

Firm Administrator
Thomas G. Schumm

September 4, 2008

**SO ORDERED**

*[signature]*

**HON. GEORGE B. DANIELS**

SEP 0 9 2008

Via Fax No. (212) 805-6737

Honorable Justice George B. Daniel
U.S. District Court for the Southern District of New York
Daniel P. Moynihan U.S. Courthouse, Room 630
500 Pearl Street
New York, NY 10007-1312

      Re:  Ali vs. Yannick
           Our File No. SZS 56050-301
           **Civil Action No. 07CV6010**

Dear Your Honor:

    This letter request is submitted at the suggestion of Ms. Heather Kennedy on September 3, 2008, one day ago. This letter represents a request for an Order compelling the following limited discovery and brief extension of time from current dates:

1. By September 9, 2008, plaintiff is to provide the defendant an authorization for release of plaintiff Rashid Ali's MRI films from "New Imaging and Diagnostics";

2. That all dispositive motions are to be served by October 10, 2008; which represents only a one-month extension from the current date next week, September 10, 2008.

    This action represents a two vehicle hit in the rear accident which arose on October 28, 2006 on or near East 132nd Street where it intersects with Harlem River Drive. The plaintiffs Rashad Ali and Minerva Ali are claiming "serious injuries" under New York State Insurance Law §§ 5102 and

Honorable Justice George B. Daniel
Our File No.: SZS 56050-301
Page 2
September 4, 2008

5104. The defendant has raised the affirmative defense of plaintiff's failure to sustain a serious injury.

Discovery in this case has proceeded in an amicable fashion. During the course of discovery, in order to accommodate both sides, extensions of time were arranged on a consensual basis by stipulation. These extensions of time were necessary to accommodate exchange of plaintiffs' authorizations for medical records, depositions, and IME dates. Both sides, plaintiffs and defendant, desired, required, and benefitted from the extensions.

As of the last stipulation dated June 3, 2008, discovery was to be completed by August 24, 2008 and dispositive motions are to be served by September 10, 2008.

Nevertheless, during discovery, plaintiff disclosed an authorization for release of MRI films from a facility called Aviva Medical Imaging. Based on information and belief, Aviva Medical Imaging is located in the same location as "New Imaging and Diagnostics". On August 29, 2008, I learned for the first time that the authorization is ineffective. I am informed that Aviva Medical Imaging will not accept the authorization for release of Rashad Ali's MRI films because they request an authorization for "New Imaging and Diagnostics", even though they are located at the same place, as stated above.

In this case, plaintiff Rashad Ali is claiming lumbosacral herniation at L5-S1 and a bulge at L4-L5. Plaintiff Rashad Ali is also claiming a herniation at C7-C8 and a bulge at C3-C4. Naturally, a proper defense of the matter calls for a review of the relevant MRI films. We only learned on August 29, 2008 that this cannot be done because the facility will not release the films based on their claim that the authorization is improper

Accordingly, on August 29, 2008, I immediately called and faxed plaintiff's counsel in order to obtain his consent to exchange the proper authorization and extend the time for the defendant to file the summary judgment motion. I called plaintiff again on September 2, 2008 but finally spoke to him in the afternoon of September 3, 2008. Plaintiff's counsel said that he would not stipulate to extend the time to file the summary judgment motion, although he would provide an authorization. Nevertheless, since the summary judgment motion is due September 10, 2008, my client will be unable to benefit from the authorization when filing the summary judgment motion since there is insufficient time to have the films reviewed, even assuming the authorization is received before September 10, 2008.

Naturally, plaintiff does not want a summary judgment motion to be filed in this case. However, the interests of justice dictate that the defendant must be provided a proper authorization and the time be extended to file the dispositive motion. The authorization previously provided by

Honorable Justice George B. Daniel
Our File No.: SZS 56050-301
Page 3
September 4, 2008

the plaintiff was insufficient and plaintiff should not be allowed to benefit from that error at this time, even if it was unintentional.

By comparison, the defendant will be sorely prejudiced if not given an opportunity to present its complete defense in a summary judgment motion. Should the defendant be denied the opportunity to completely support his summary judgment motion, the defendant could be left with the need to pay for an unnecessary and unwarranted trial.

Your consideration of this request is respectfully appreciated.

                    Very truly yours,

                    KELLY, RODE & KELLY, LLP

                    BY: _____
                          SOL Z. SOKEL

SZS/jb

cc:   Sacks & Sacks FAX NO.: 1-212-349-2141
       Attention: David Mayer